**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3978-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JUSTIN C. ANGELINO,

     Defendant-Appellant.

_____

Submitted May 13, 2020 – Decided June 5, 2020

Before Judges Whipple, Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 13-06-1855.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Linda A. Shashoua, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the March 8, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant raises the following issue for our consideration.

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR ABRIDGING HIS CONSTITUTIONAL RIGHT TO TESTIFY.

We reject defendant's contention and affirm substantially for the reasons expressed in Judge Gwendolyn Blue's cogent and well-reasoned oral opinion accompanying the order.

We incorporate herein the facts set forth in State v. Angelino, No. A-4791-14 (App. Div. October 18, 2017) (slip op. at 1-2), certif. denied, 232 N.J. 389 (2018), wherein we affirmed defendant's 2014 jury trial convictions for "robbery (count two); conspiracy to commit robbery (count three); aggravated assault (counts four and five); and unlawful possession of a weapon (count eight)," and acquittal for "attempted murder," "possession of a weapon for an unlawful purpose," and "unlawful possession of a weapon." While we were "satisfied the record amply support[ed] the judge's findings on aggravating and mitigating factors," we remanded for resentencing defendant's aggregate fifteen-year No Early Release Act, N.J.S.A. 2C:43-7.2, sentence "[b]ecause the conspiracy

conviction should have merged with the robbery conviction under N.J.S.A. 2C:1-8(a)(2)." Id. at 11.[1]

We recounted that "[t]he charges stemmed from defendant's involvement in the [November 2012] armed robbery and brutal attack of his biological father, with whom he had recently reconnected." Id. at 2. When the crimes occurred, defendant had been residing with his father "off and on for almost a year." However, defendant resented his father because of "his troubled upbringing in foster care as the result of his father 'signing away' his parental rights." Id. at 10. During the two-week trial, "eleven witnesses testified," including the victim, who identified defendant as one of two attackers who "beat[], bludgeon[ed] and stabb[ed]" him, and "the State's expert witness," id. at 4, who detailed the victim's extensive injuries, consisting of "multiple lacerations" and "stab wounds[] of his extremities, upper chest, [and] . . . head." Although defendant did not testify at trial, his incriminating recorded statement to police, in which he admitted participating in the attack with a co-conspirator, was played for the jury. Id. 3-4.

In his timely PCR petition, defendant certified that he received ineffective assistance of counsel (IAC) because trial counsel refused "to cooperate with

---

[1] On the remand, after merger, defendant's aggregate sentence was unaffected.

[him] in presenting [his] defense to the jury." He explained that "[he] told [his] lawyer . . . that [he] wanted to . . . testify in [his] own defense to correct[] . . . errors in [his recorded] statement and to explain the reason for the misstatements so the jury could fully understand." To that end, he "provided to [his lawyer] a list of questions [he] wanted him to ask" during his testimony. However, "[his] attorney refused to ask those questions . . . if [he] chose to testify." According to defendant, because "[his] lawyer refused to do what [he] wanted him to do[,] . . . when the court asked [him] if [he] was voluntarily waiving [his] right to testify [he] said, 'Yes,' but in actuality did so involuntarily."

Following oral argument, Judge Blue denied defendant's petition. In her oral decision, the judge reviewed the factual background and procedural history of the case, applied the governing legal principles, and concluded defendant "failed to make a prima facie showing" of IAC. See State v. Porter, 216 N.J. 343, 355 (2013) ("A prima facie case is established when a defendant demonstrates 'a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits.'" (quoting R. 3:22-10(b))).

The judge found defendant failed to show that either counsel's performance fell below the objective standard of reasonableness set forth in

Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 49-53 (1987), or that the outcome would have been different without the purported deficient performance as required under the second prong of the Strickland/Fritz test. See State v. Gaitan, 209 N.J. 339, 350 (2012) ("With respect to both prongs of the Strickland test, a defendant asserting [IAC] on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence.").

Additionally, in rejecting defendant's request for an evidentiary hearing, the judge concluded defendant failed to present any issues that could not be resolved by reference to the existing record. See State v. Preciose, 129 N.J. 451, 462 (1992) (explaining that IAC claims require an evidentiary hearing when the facts "lie outside the trial record"); State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." (quoting State v. Marshall, 148 N.J. 89, 158 (1997))).

In addressing defendant's claim that his attorney's "ineffectiveness resulted in him involuntarily waiving his right to [testify]," the judge carefully

A-3978-18T1

reviewed the court's colloquy with defendant during the trial regarding his

waiver.[2] The judge explained:

> [L]ooking at that colloquy, it is clear to this [c]ourt . . . that he was fully aware of his right to testify, as well as his right to remain silent. It is also very clear that he had discussed this matter with his attorney on numerous occasions, that trial counsel answered all the questions he had on the matter, and that he was satisfied with what trial counsel told him.
>
> According to [defendant], his trial attorney . . . both consulted with him regarding whether or not he would testify and trial counsel obtained consent of [defendant] to inform the [c]ourt that he would not testify. In fact, . . . [defendant] himself says, "I talked to my attorney and I kind of already had the decision, but he made it concrete." When asked if his attorney clarified his concerns, he responded yes.
>
> [Defendant] then stated to the [c]ourt he was not testifying for strategic reasons and that he had enough time to speak with his attorney regarding his decision not to testify. I am satisfied that [defendant] clearly waived his right to testify knowingly and intelligently and voluntarily after conferring with trial counsel, . . . that finding is well supported by the record[,] and . . . [defendant] had enough time to address his concerns about his waiver . . . . Even after he said to this [c]ourt he wasn't testifying, I again, after my colloquy of him, inquired as to whether his attorney answered all of his concerns and his response was yes.

---

[2] Judge Blue was also the trial judge.

A-3978-18T1

Finding that defendant "fail[ed] to meet his burden under Strickland," the judge stressed "[t]he transcript simply does not support [defendant's] argument." Instead, "[w]hat is before the [c]ourt . . . appears to be no more than a blanket statement and a change of heart regarding [defendant's] decision not to testify. There are absolutely no[] facts to support [defendant's] blanket statement." See State v. Cummings, 321 N.J. Super. 154, 169 (App. Div. 1999) ("[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel.").

Turning to the prejudice prong of the Strickland/Fritz test, Judge Blue noted that some of the proposed questions defendant provided to his attorney were objectionable "under the rules of evidence." Others were intended to show that the co-defendant was more culpable by "let[ting] the jury know that it was never his intent to hurt the victim," and "[t]hat he did [not] know the co-defendant had a weapon on him." However, the judge found defendant again failed to meet his burden because defendant "failed to show how the result . . . would have been different had he . . . testif[ied]."

The judge explained

> trial counsel did put . . . before the jury specific statements from [defendant's] statement to the police, which would support [defendant's] argument that the co-defendant . . . [was] more culpable than [defendant].

7

> However, [defendant] . . . fails to realize that by not taking [the] stand . . . , it prevented him from being presented with extensive cross-examination as to the substantial inconsistencies in his statement regarding defendant's own culpability in this matter.
>
> . . . [T]rial counsel['s] strategy . . . appear[ed] to [have been] successful . . . as [defendant] was not convicted [of] [t]he attempted murder charge[] or [two of] the weapon charges.

See State v. Castagna, 187 N.J. 293, 314 (2006) ("The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt."). The judge entered a memorializing order and this appeal followed.

On appeal, defendant renews his contention that was handily rejected by Judge Blue, arguing the judge erred in finding that trial counsel's "abridge[ment of] his constitutional right to testify" did not "constitute[] a [prima facie] case of ineffectiveness." After reviewing the record, we conclude Judge Blue thoroughly addressed defendant's contention, and the argument is without sufficient merit to warrant further discussion here. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3978-18T1